## Case No. 17,831.

### WILSON et ux. v. ROSE.

[3 Cranch, C. C. 371.] 1

Circuit Court, District of Columbia. Dec. Term, 1828.

DECEDENT'S ESTATE— DEBT DUE BY EXECUTOR — INCLUSION IN LIST OF DEBTS—RUNNING OF LIMITATIONS.

1. If a debt by an executor to his testator be not barred by the statute of limitations at the time of the death of the testator, the executor is bound to give in the claim in the list of debts; and the statute of limitations ceases to run in favor of the debtor from the time of his accepting the trust as executor.

2. The right of a person interested in the administration to proceed in the orphans' court, according to the Maryland statute of 1798, c. 101, subc. 8, § 20, against an executor who neglects to give in a claim against himself, accrues upon the death of the testator; and from that time only, the limitation of twelve years begins to run, if it runs at all in such a case.

3. If an executor fails to give in a claim against himself, his administration-bond is liable to be put in suit.

This was a proceeding by petition in the orphans' court under the testamentary law of Maryland of 1798, c. 101, subc. 8, § 20, by James C. Wilson and Ann his wife, who was one of the distributees, or legatees, of the estate of Thomas B. Beall, against John Rose, one of the executors of that estate, charging him with neglecting to give in a claim against himself in the list of debts due to his testator.

The orphans' court, under the provisions of

---

1 [Reported by Albert Brunner, Esq., and here reprinted by permission.]

1 [Reported by Hon. William Cranch, Chief Judge.]

that section of the law, directed the following issues to be sent to this court to be tried, namely: "(1) Whether or not the said John Rose, the defendant, was indebted to his testator, the said Thomas B. Beall, on the 30th of September, 1820, the day of the death of the said Thomas? If yea, in what sum of money? (2) Whether or not the recovery of the said debt, if any, was not barred by the statute of limitations, as used and practised in the county (of Washington) on the said 30th September, 1820? (3) Whether or not the recovery of the said debt, if any, was not barred by the statute of limitations, as used and practised in the said county on the 8th day of April, 1828, the day on which the said James C. Wilson &c. filed their petition against the said John Rose, in the orphans' court aforesaid? (4) Whether or not the said John Rose, as one of the executors of the said Thomas B. Beall, and having accepted the trust, and taken upon himself the burden and execution of the will of the said Thomas, was not in duty bound to give in all claims against him by the testator, in the list of debts, to the said orphans' court; whether or no the recovery of the said claim was barred by the statute of limitations, as used and practised in the said county on the 30th of September, 1830, the day of the death of the said Thomas; or on the 8th of April, 1828, the day on which the said James C. Wilson and wife filed their petition in the said orphans' court against the said John Rose? And whether the said John Rose, having failed to give in to the said court, any claim against himself by his testator, his testamentary bond has not become liable to be put in suit?"

On the trial of the several issues, and each of them, the orphans' court requests the honorable judges of the circuit court of the District of Columbia for Washington county, to direct and instruct the jury, whether or not the said Thomas B. Beall, the testator, on the 30th of September, 1820, had any "just claim" against the said John Rose, his executor; and whether the said Rose, having "accepted of the said trust" of executor, and having taken upon himself the burden and execution of the said will, was not bound to give in to the said orphans' court, all claims against him, in the list of claims due to his testator; whether the recovery of the same was or was not barred by the statute of limitations; and whether, on the said Rose failing to give in such claim, his testamentary bond may not, under the provisions of the act of assembly aforesaid, be put in suit." The debt, due by the defendant Rose to Thomas B. Beall, arose upon a covenant under seal, and accrued in 1810. The testator, Thos. B. Beall, died September 30, 1820. The preliminary question was, whether the limitation of twelve years, in the Maryland statute, was a bar to this proceeding in the orphans' court, founded upon the neglect or failure of the executor, Rose, to give in the claim against himself in the list of claims due to his testator. More than

twelve years had elapsed between the time the debt became payable and the filing of the petition in the present proceeding; but twelve years had not elapsed when the testator died, and the defendant accepted the trust and office of executor.

R. P. Dunlop and Mr. Jones, for the petitioners, contended that it was a trust in Mr. Rose, and that the statute of limitations does not run against a trust. There was no person who could bring suit at law against him upon his covenant, after he became executor. The statute of limitations does not run against the claims of legatees in such a proceeding in the orphans' court. This is not a suit upon the covenant, nor for final distribution; it is only to decide whether the claim is to be accounted for by the executor as assets, it is only to establish the claim. It is a suit of a peculiar jurisdiction. The statute of limitations goes only to the remedy. It is the lex fori. It is no bar out of the jurisdiction of the forum. It applies only to actions at law. Courts of equity, however, have adopted it; but the orphans' court has not.

Mr. Marbury and Mr. Swann, contra. The statute of limitations ought to be applied to all new remedies or forms of action. Bank of Columbia v. Sweeny [Case No. 881], in this court at the May term, 1826, and in supreme court, 2 Pet. [27 U. S.] 671. This is not a technical trust. The limitation began to run in the lifetime of the testator, and nothing can stop it. The legatees stand in the place of the testator, and the limitation continues to run against them, as it did against their testator. By the Maryland statute, the thing in action cannot be given in evidence, if it be of 12 years' standing. The orphans' court has as good a right to adopt the statute of limitations as a court of equity has.

THE COURT (nem. con.) was of opinion, that the statute of limitations was not a bar to this proceeding in the orphans' court, for the reasons stated by CRANCH, Chief Judge, who said:

The cause of this suit is the neglect of the executor to return this debt as assets. That duty accrued in 1820, upon the death of the testator. Twelve years had not elapsed from that time to the institution of this suit in the orphans' court. The debt was not barred at the time of the death of the testator. It was a subsisting valid debt, which the executor was bound to return in the list of debts. His not having done so is the cause of this suit; and if the orphans' court, in analogy to courts of law, should admit the statute of limitations as a defence, it could be pleaded to this suit only. The limitation ceased to run as to this debt, when it was collected and came into the hands of the executor. It then became assets. No cause of action upon the covenant then existed. The debt was satisfied.

The jury was then sworn to try the issues, and upon this verdict, this court certified to

the orphans' court: That John Rose, one of the executors of Thomas B. Beall, was indebted to him on the 30th of September, 1820, in the sum of $752.76, and that he then had a just claim against him to that amount. That the said Rose was bound to give in to the orphans' court, the said claim against him in the list of debts due to his testator, and that the recovery of the said debt was not barred by the statute of limitations, on the 30th of September, 1820, nor on the 8th of April, 1828, the time of filing the petition in this cause in the orphans' court. And that the said John Rose, having failed to give in such claim, his testamentary bond is liable, under the provisions of the act of assembly aforesaid, to be put in suit.